HENRY VANDER BACH, RELATOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

Submitted July 5, 1900—Decided November 12, 1900.

The act of March 22d, 1899 (*Pamph L.*, *p.* 203), providing for an increased representation of some incorporated towns in the board of chosen freeholders of the county in which they are situate did not create a vacancy in a board of chosen freeholders "constituted or elected under the provisions of 'An act to reorganize the boards of chosen freeholders in counties of the first class of this state,'" passed May 16th, 1894. *Gen. Stat.*, *p.* 422.

---

On application for *mandamus.*

Before Justices DIXON, GARRISON and COLLINS.

For the relator, *Charles C. Black.*

For the defendant, *John Griffin.*

The opinion of the court was delivered by

COLLINS, J.   The relator seeks a *mandamus* to compel his admission to membership in the board of chosen freeholders of the county of Hudson.   That board exists under "An act to reorganize the boards of chosen freeholders in counties of the first class in this state," passed May 16th, 1894.   *Gen. Stat.*, *p.* 422.   Its members are elected in the month of

November bienially, in even years, by the several townships and municipalities of the county and assume their membership in the next December. By the constituent enactment a township, or incorporated town not forming a part of a township, and having by the last preceding federal or state census a population of less than ten thousand inhabitants, was entitled to but one member of the board. Guttenberg is such an incorporated town, and but one member was elected for it at the election in November, 1898. The person chosen duly qualified and is still in office. By a public law, taking immediate effect, entitled "An act respecting the representation of incorporated towns in boards of chosen freeholders," approved March 22d, 1899 (*Pamph. L., p. 203*), it was enacted as follows:

1. "All incorporated towns of this state, whose territory is not part of any township, shall be entitled to be represented by not less than two freeholders in the board of chosen freeholders of the counties in which they are respectively situated." All inconsistent acts and parts of acts were repealed.

Guttenberg comes within the provision of this law, which, of course, is engrafted on the act first cited, and undoubtedly, at the next election, but for certain legislation of 1900 (*Pamph. L., p. 30*) not pertinent to the present controversy, would be entitled to elect two freeholders. The relator claims immediate membership under appointment, on January 28th, 1900, by the governing body of the town. He took the steps required for qualification as a freeholder and demanded a seat in the board, which was refused him. On proof of the facts stated, a rule to show cause why a *mandamus* should not issue to compel recognition of his membership was allowed.

The relator founds his claim of membership upon the following provision of the act of 1894, above cited: Sec. 4. "Any vacancy or vacancies hereafter existing in any of the boards of chosen freeholders constituted or elected under the provisions of this act shall be filled by the governing body

of the city, incorporated town or township for which such vacancy shall exist."

Passing the vexed question of whether a provision, in a law creating an office, for the filling of vacancies in such office in a manner different from the normal mode of selection applies before there has been any opportunity for normal selection, it seems to us quite plain that there can be no appointment to the present board of chosen freeholders of the county of Hudson, for it was neither constituted nor elected with the right in Guttenberg to have in it two members, and therefore the provision of the act of 1894 for filling vacancies gives no right to appoint a new member for that town.

The rule to show cause is discharged, and the *mandamus* is denied.